IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRENDA K. THOMPSON, et al.,

          Plaintiffs,

v.                                      CIVIL ACTION NO.  2:14-cv-13357

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Prudential Insurance Company of America's ("Prudential") Motion to Dismiss [Docket 7] and the plaintiffs' Motion for Leave to Supplement Plaintiffs' Opposition to Defendant's Motion to Dismiss [Docket 11]. For the reasons discussed below, Prudential's Motion to Dismiss [Docket 7] and the plaintiffs' Motion for Leave to Supplement [Docket 11] are **DENIED.**

**I.    Background**

Starting on October 1, 1974, Mr. Thompson was insured under the American Institute of Certified Public Accountants ("AICPA") Long Term Life Insurance and Disability Policy ("the Policy"), which is identified as Policy Number G0-14723. (Compl. [Docket 1-1] ¶ 9; *see also* Policy [Docket 7-1]). Brenda Thompson was a beneficiary under the Policy. (*See* Compl. [Docket 1-1] ¶ 10).

The Policy provides that a plan participant would receive disability payments if he or she suffers from "Total Disability." (*Id.* ¶¶ 11, 12). According to the Complaint, a person is "totally

disabled" under the Policy if "(1) Due to sickness or accidental injury, you are not able to perform for wage, or profit, the material and substantial duties of your occupation; (2) You are not working at any job for wage or profit; (3) You are under the regular care of a Doctor." (*Id.* ¶ 12). The Policy also provides disability payments and a waiver of premiums for participants suffering from "Total Disability." (*Id.* ¶ 14). If the participant fails to provide a written proof of total disability as required by the Policy, coverage will terminate. (*Id.* ¶ 19).

Finally, the Policy contains a contractual statute of limitations period. (*See* Policy [Docket 71]). The Policy provides the following limitations period for filing a lawsuit:

> No action at law or in equity shall be brought to recover under the Group Policy prior to the expiration of sixty days after written proof of the loss upon which claim is based has been furnished as required above. No such action shall be brought more than three years after the expiration of the time within which proof of such loss is required.

(*Id.*). With respect to the filing period for a written proof of loss, the Policy states:

> Written proof of the loss under a coverage upon which claim may be based must be furnished to Prudential within ninety days after—(1) the end of each month or lesser period for which Prudential is liable under the coverage, if the coverage provides for payment at such periodic intervals; (2) the date of the loss, in the case of any other coverage.

(*Id.*).

On February 28, 1998, Mr. Thompson ceased work "because of a disabling illness[.]" (*Id.* ¶ 15). The Social Security Administration found that Mr. Thompson was totally disabled. (*Id.* ¶ 16). Mr. Thompson subsequently applied for total disability under the Policy. (*Id.* ¶ 17). Prudential found Mr. Thompson was totally disabled and commenced waiver of premium payments on or about April 19, 1999. (*Id.*).

2

In July 2006, Prudential requested proof of loss information to reexamine Mr. Thompson's continued eligibility for total disability benefits and for waiver of premiums. (*Id.* ¶ 18). Mr. Thompson sent the requested information to Prudential. (*Id.* ¶¶ 19–20). On December 19, 2006, Prudential wrote Mr. Thompson and informed him that he was not totally disabled. (*Id.* ¶ 21; *see also* Dec. 19, 2006 Letter [Docket 7-3]). In addition, the letter advised Mr. Thompson that "[a]lthough the contributions will no longer be waived, you have right to resume paying the contributions for this coverage as of December 31, 2001." (Dec. 19, 2006 Letter [Docket 7-3]). The letter also informed Mr. Thompson of his 180-day right to appeal the decision to an authorized representative. (*Id.*). On June 26, 2007, Mr. Thompson sent Prudential a $21,060 certified check for the 1996–2006 waiver of premiums. (Compl. [Docket 1-1] ¶ (C)(2)). Mr. Thompson died in January 2013. (*Id.* ¶ 16).

On February 26, 2014, Brenda Thompson, as Administrator of Mr. Thompson's estate, filed suit in the Circuit Court of Kanawha County, West Virginia. (*See generally id.*). She seeks damages for breach of contract for the life insurance death benefits due to her, a return of all premiums paid for the 1996–2006 waiver of premiums period, and a declaration that: (1) the Policy is still in effect; (2) Prudential owes her the $21,060 paid to Prudential for the 1999–2006 waiver of premiums; (3) Prudential is obligated to pay her the full amount of life insurance death benefits payable under the Policy, the attorney's fees expended in this action, and other proper relief. (*Id.* ¶ (C)). Prudential removed the suit to this court on March 27, 2014, and on April 24, 2014, Prudential filed a motion to dismiss on the grounds that the plaintiffs' claims are time-barred [Docket 7].

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677–78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

## III. Discussion

### A. Conversion and the Plaintiffs' Motion to Supplement

Prudential has attached three exhibits to its motion to dismiss: the Policy, the Group Insurance Certificate, and the December 19, 2006 letter to the plaintiffs. In their response, the

plaintiffs also submit several exhibits: a September 29, 2001 letter from AICPA to the plaintiffs, an October 1, 2011 letter from the plaintiffs requesting reinstatement of benefits and waiver of premiums, a November 4, 2011 letter from Prudential, and a copy of a certified check for $21,060. In addition, the plaintiffs have filed a motion for leave to supplement their response with copies of their bank statements that show the plaintiffs continued to pay premiums from 2006 to 2011.

     A Rule 12(b)(6) motion to dismiss for failure to state a claim generally does not permit the court to look beyond the allegations of the complaint. *Collins v. Red Roof Inns, Inc.*, 248 F. Supp. 2d 512, 516 (S.D. W. Va. 2003). When "matters outside the pleadings are presented to and not excluded by the court, the [motion to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). However, when evaluating a motion to dismiss, the court can, in limited circumstances, consider documents not attached to a complaint. *Collins*, 248 F. Supp. 2d at 516. "When a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Id.* (quoting *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)). If, however, a document not attached to the complaint is considered, the document "must be one of unquestioned authenticity." *Gasner*, 162 F.R.D. at 282.

     The Complaint clearly refers to the Policy, the certified check, and the December 2006 letter. (*See* Compl. [Docket 1-1] ¶¶ 1–2, 4, 9–10, 21). In their response to Prudential's motion to dismiss, the plaintiffs have not questioned the authenticity of these documents, and they are incontestably pertinent to the plaintiffs' Complaint. However, the Complaint does not explicitly refer to the letters submitted by the plaintiffs. Although the Complaint states the plaintiffs had

5

submitted medical documentation to Prudential from 2003 to 2007, the Complaint does not specifically mention the September 29, 2001 letter from the AICPA, the October 1, 2011 letter from the plaintiffs, or the November 4, 2011 letter from Prudential. (*See id.* ¶ 25). In addition, the Complaint does not allege that the plaintiffs continued to pay premiums after the December 19, 2006 decision. Accordingly, I cannot consider the letters and the bank statements without converting Prudential's motion to dismiss to a motion for summary judgment, and the plaintiffs' motion to supplement their response is **DENIED**. The supplemental documents, however, are not necessary for the disposition of Prudential's motion to dismiss.

### B. Statute of Limitations Defense

In West Virginia, the statute of limitations for breach of contract actions is ten years from the date of accrual. *See* W. Va. Code § 55-2-6. A breach of contract action accrues when "breach of the contract occurs or when the act breaching the contract becomes known." *McKenzie v. Cherry River Coal & Coke Co.*, 466 S.E.2d 810, 817 (W. Va. 1995). The West Virginia Supreme Court of Appeals has recognized, however, that parties may contract to shorten the statute of limitations period. *See Mills v. Indem. Ins. Co. of N. Am.*, 150 S.E. 718, 719 (W. Va. 1929) ("Stipulations providing a shorter term within which suit must be brought than that provided by the statute of limitations are valid."); Syl. Pt. 1, *McFarland v. Peabody Ins. Co.*, 6 W. Va. 425, 425 (1873) ("A provision in a policy of insurance that no action for loss or damage shall be sustainable, unless the same is brought within six months after the loss or damage shall occur, is valid."). This freedom of contract is limited by West Virginia Code § 33-6-14, which provides that insurance policies cannot contain a limitations period of less than two years from the date the action accrued. *See* W. Va. Code § 33-6-14; *Beasley v. Allstate Ins. Co.*, 184 F. Supp. 2d 523, 525 (S.D. W. Va. 2002)

("[Section 33-6-14] simply prohibits the parties from inserting a limitations provision below the two-year floor.").

The Policy's limitation period provides that a lawsuit to recover under the Policy may not be brought "more than three years after expiration of the time within which proof of such loss is required." (Policy [Docket 7-1]). A proof of loss must be filed within ninety days after the end of each month for which Prudential is liable for coverage. (*See id.*). Because this limitation period is more than two years, it is valid and enforceable. *See* W. Va. Code § 33-6-14.

As the Policy's limitation period is enforceable, the next question is whether the plaintiffs timely filed the instant action. Prudential characterizes the plaintiffs' claim as solely concerning the denial of the waiver of premium benefit. Because the denial of the waiver occurred on December 19, 2006, Prudential argues that the plaintiffs had to file a written proof of loss within ninety days after the end of December 2006. Thus, the plaintiffs had to file their proof of loss before March 31, 2007. Then, according to the Policy's limitation provision, the plaintiffs had to file suit three years after this date, March 31, 2010. The plaintiffs filed this action on February 26, 2014; therefore, Prudential concludes that the plaintiffs' action is approximately three years late.

I disagree with Prudential that plaintiffs' *entire* action is time barred. This case is not solely about the denial of the waiver of premiums.[1] The plaintiffs also seek life insurance death benefits that, presumably, Prudential denied because Mr. Thompson died after the Policy expired. Furthermore, the plaintiffs' seek a declaration that the insurance policy is still in effect. However, neither party has identified when Prudential denied the insurance death benefits or when the insurance policy expired. Therefore, the Complaint and the incorporated documents do not

---

[1] In fact, this case appears to have little to do with the waiver of premiums, considering that, by Prudential's own admission, those premiums were waived for the period of 1999–2006. (*See* Def.'s Mem. of Law in Supp. of Mot. to Dismiss Pls.' Compl. [Docket 8], at 3 n.3).

7

establish that the plaintiffs' action is time-barred. Rather, there remain extant issues of fact regarding Prudential's statute of limitations defense. Accordingly, I **DENY** Prudential's motion to dismiss.

### IV.     Conclusion

For the reasons discussed above, Prudential's Motion to Dismiss [Docket 7] and the plaintiffs' Motion for Leave to Supplement [Docket 11] are **DENIED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      December 4, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE